IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| EARNEST ROBERT BAXTER, | ) | Criminal Case No. 7:09cr00046 |
| Petitioner, | ) ) ) | **2255 MEMORANDUM OPINION** |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | By: Samuel G. Wilson |
| Respondent. | ) | United States District Judge |

The day after denying Ernest Robert Baxter's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, the court received Baxter's motion to amend or supplement his § 2255 motion. The court finds the requested amendment to be futile and denies it.

**I.**

In late 2009, Baxter pled guilty in this court to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). According to his presentence report, Baxter qualified as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), subjecting him to enhanced penalties. Baxter objected to the presentence report's conclusion that he was an armed career criminal under that Act. According to Baxter, one of the convictions the probation officer cited as a predicate conviction (breaking and entering a certain "shop" in violation of Virginia Code § 18.2-91) failed to qualify. Applying the "modified categorical approach," the court found otherwise, see United States v. Baxter, 677 F. Supp. 2d 918 (W.D. Va. 2010), and sentenced Baxter to the mandatory minimum of 180 months. Baxter appealed and the Court of Appeals affirmed on April 26, 2011. See United States v. Baxter, 642 F.3d 475 (4th Cir. 2011). Baxter then filed a motion to vacate his plea and sentence pursuant to

28 U.S.C. § 2255, claiming that his counsel rendered ineffective assistance by advising him that certain records necessary to prove that he was an armed career criminal under the ACCA were unavailable. The court found that his counsel did not render ineffective assistance and denied Baxter's motion on November 29, 2012. The next day, the court received Baxter's motion to amend, which was dated November 26, 2012. According to Baxter, Descamps v. United States, 466 F. App'x 563 (9th Cir. 2012), cert. granted, 133 S. Ct. 90 (Aug. 31, 2012) (No. 11-9540), which is currently pending in the Supreme Court, might "do away with the modified approach" the court applied at sentencing in reaching the conclusion that he was an armed career criminal subject to enhanced penalties.

## II.

Baxter contends that leave to amend should be freely given, and he seeks to raise the claim that he may not be subject to the enhanced penalty the court imposed, a claim he has already fully litigated and that is beyond the statute of limitations. There are exceptions to the rule that leave to amend should be freely given. One of those is futility. Here, if the court were to grant the amendment, it would then deny the claim on the grounds that Baxter has already fully litigated the claim and that it is beyond the statute of limitations. Under the circumstances, the amendment is futile, and the court denies Baxter's motion to amend.

### A.

"It is well established that a § 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal." United States v. Lindner, 552 F.3d 391, 397 (4th Cir. 2009) (quoting United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001)); see also United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004) ("Because the Defendants have not pointed to any change in the law that warrants our reconsideration of these claims, we agree with the district court that they cannot relitigate these issues."); Boeckenhaupt v. United States, 537

2

F.2d 1182, 1183 (4th Cir. 1976) (holding that a defendant cannot relitigate issues previously rejected on direct appeal). Because Baxter has already litigated his status as an armed career criminal, he is barred from raising the claim here. Consequently, Baxter's motion to amend his § 2255 motion is futile.

**B.**

Section 2255(f) provides a one-year limitation period for filing a § 2255 motion. Rule 15 of the Federal Rules of Civil Procedure, which governs the procedure for amending § 2255 motions, provides that if a party seeks to amend his pleading more than twenty-one days after service of his pleading or after service of a responsive pleading or motion under Rule 12(b), (e), or (f), he must either obtain written consent from the opposing party or leave from the court. Fed. R. Civ. P. 15(a)(1)–(2); United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Nevertheless, absent bad faith, undue prejudice to the opposing party, or futility, leave to amend under Rule 15(a) is freely granted. Pittman, 209 F.3d at 317 (citing Forman v. Davis, 317 U.S. 178, 182 (1962)).

Because a claim barred by the applicable statute of limitations is futile, an untimely amendment can be denied on that basis. Id. Under certain circumstances, however, Rule 15(c) allows claims in a motion to amend to "relate back" to the original pleading. Fed. R. Civ. P. 15(c); Pittman, 209 F.3d at 317. For the court to find that a claim relates back, the claims in the original and amended motions must be "tied to a common core of operative facts."[1] Mayle v. Felix, 545 U.S. 644, 664 (2005).

Baxter filed his motion to amend on November 26, 2012, more than twenty-one days after the defendants responded to his original § 2255 motion and after the one-year limitation

---

[1] The court notes that Rule 15(c)(1) also provides relation back of an amendment in two other circumstances that are not applicable here. See Fed. R. Civ. P. 15(c)(1)(A), (C).

3

period expired on July 25, 2012.[2] Therefore, for the court to allow Baxter's motion to amend, it must relate back to the claim he filed in his § 2255 motion. The only claim Baxter raised in his § 2255 motion was that counsel provided ineffective assistance in misadvising Baxter that the records proving his armed career criminal status were unavailable. By contrast, in his motion to amend, Baxter seeks to add a claim that one of the predicate offenses that supports his armed career criminal status does not qualify as a predicate offense. The court finds that Baxter's new claim does not share a "common core of operative facts" with the ineffective assistance of counsel claim he raised in his original § 2255 motion and thus does not relate back, rendering Baxter's claim untimely and his requested amendment futile. Accordingly, the court denies Baxter's motion to amend.

### III.

For the reasons stated, Baxter's requested amendment is futile and the court denies his motion.[3]

**ENTER:** February 20, 2012.

UNITED STATES DISTRICT JUDGE

---

[2] Baxter's conviction became final on July 25, 2011, when his time to file a petition to the Supreme Court for certiorari expired. Clay v. United States, 537 U.S. 522, 524–25 (2003). Therefore, because § 2255(f)'s limitation period runs from "the date on which the judgment of conviction becomes final," Baxter's limitations period expired one year later on July 25, 2012. See 28 U.S.C. § 2255(f).

[3] Baxter has also filed a motion for reconsideration of the court's denial of a certificate of appealability. Upon consideration of his motion and pertinent portions of the record, the court remains convinced that it properly denied a certificate of appealability. Accordingly, the court denies Baxter's motion for reconsideration of the court's denial of a certificate of appealability.

4